IN THE UNITED STATES DISTRICT COURT
FOR THE (_Amarillo_) DISTRICT OF TEXAS
(_Northern_) DIVISION

_William D. Newton_
Petitioner,

vs.

_Gerald Garrett_,
Chairman, Texas Board of
Pardons and Parole,
Respondent.

CIVIL ACTION NO. _42 U.S.C. 1983_

OCT 29 2003

PETITION TO FILE CIVIL RIGHTS COMPLAINT
SEEKING "INJUNCTIVE RELIEF"
PURSUANT TO TITLE 42 U.S.C. §1983

2-03CV-368-J

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, _William D. Newton_, TDCJ-ID# _803717_ respectfully files this his Petition to File Civil Rights Complaint Seeking "Injunctive Relief" Pursuant To Title 42 U.S.C.§1983 with brief in support and shows the following:

I.
JURISDICTION

The Court has jurisdiction over the subject matter and the parties. See 42 U.S.C.§1983; 28 U.S.C. 636(c) And Miscellaneous Order#6; (C-W) See, TEX.C.C.P. article 42.18*8(c-1); and 28 U.S.C.§1915(A)(B), (E)(2). Petitioner seeks consent to proceed before a Magistrate Judge to expedite the handling of this action.

II.
ARGUMENTS AND AUTHORITIES

Plaintiff files this Civil Rights Complaint merely seeking "In-

junctive Relief" due to a deprivation of rules, custom and procedure by the Texas Board of Pardons and Parole. Moreover, plaintiff seeks to preclude the T.B.P.P. from withdrawing his Mandatory Release Date. The Texas Board of Pardons and Parole has or does intend to withdraw my Mandatory Supervision Release Date "Illegally" without merit or justification in violation of Texas laws to be adhered to: (C-W) See: Tex.C.C.P. article 42.18*8(c-1).

### GROUND FOR RELIEF NO. 1

Plaintiff's complaint does present a case or controversy and he will show beyond a reasonable doubt that there are cognizable claim upon which relief should be granted. See: 28 U.S.C.§1915(A).

### ENTITLED RELIEF:

Plaintiff is not challenging: A) The fact of his conviction; B) The length of his confinement; or C) Asking for release of speedier release. Therefore, this is not a claim as to the decision. Plaintiff is only attacking through "Injunctive Relief" a deprivation of Rule, Customs and Procedure. Moreover, granting plaintiff the "Entitled Relief" will merely prohibit a direct abuse of discretion of Article 42.18*8(C-1). See also: Cook v. T.P.D., 37 F.3d 166,167(5th Cir.1994).

### GROUND FOR RELIEF NO. 2

Plaintiff will present documentation and information indicating the Division (has or intends) to withdraw plaintiff's Mandatory Supervision Release Date "Illegally" in direct deprivation of active laws written. See: 28 U.S.C.§1915(A)(B);28 U.S.C.§1915(E)(2).

### ENTITLED RELIEF:

Please review Ex.#A (Prima facie proof) that the T.B.P.P. division

(has or intends) to withdraw plaintiff's Mandatory Supervision Release Date "Illegally" in direct deprivation of active laws written. See: TEX.CODE CRIM.PROC. article 42.18*8(C-1).

## GROUND FOR RELIEF NO. 3

Plaintiff will show an adversarial relationship between the parties regarding a question which judicial processes are capable of deciding and will show that his claim is not seeking release or speedy release from confinement. The Board may disqualify an otherwise eligible inmate for release on Mandatory Supervision if the Board makes and express written finding that the goodtime that the inmate has received is not an accurate reflection of the prisoner's potential for rehabilitation and that the release of the inmate would endanger the public.

## ENTITLED RELIEF:

Plaintiff's previously or presently listed offenses do not apply to Mandatory Supervision disqualification, therefore, the "Injunctive Relief" requested is a cognizable claim case or controversy. See: Tex.Code Crim.Proc., article 42.18*8. A) Plaintiff's Mandatory Release Date (is/was) set for _12-14-04_____. B) Plaintiff is serving a sentence for _Burglary OF A Habitation_ from the _Eastern_ District Court in _Smith_ County, Texas.

## GROUND FOR RELIEF NO. 4

Plaintiff insists that this action be maintained as a Civil Rights Complaint due to the fact that he merely and solely seeks "Injunctive Relief"

3

ENTITLED RELIEF:

Such relief if granted would not impact the duration of his incarceration. Plaintiff's complaint is not attacking the constitutionality of his incarceration or its duration.

Furthermore, plaintiff's assertion <u>does</u> <u>not</u> implicate the constitutionality of his State Court conviction. Therefore this action does not urge or apply by way of Habeas Corpus.

P R A Y E R

WHEREFORE, PREMISES CONSIDERED, plaintiff respectfully requests that the Honorable Court GRANT him Injucntive Relief in all things.

RESPECTFULLY SUBMITTED,

*David Newton*

PETITIONER/PLAINTIFF, PRO SE